**Tsige DEGE, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74156.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

Tsige Dege, San Jose, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margot L. Nadel, DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Tsige Dege, a native and citizen of Ethiopia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen deportation proceedings. We have jurisdiction under former 8 U.S.C. § 1105. We review the BIA's denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

Dege filed her motion to reopen more than a year after the BIA dismissed her appeal, and well beyond the statutorily required 90 day period. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria*, 321 F.3d at 895. Although we have applied equitable tolling in cases involving ineffective assistance of counsel, Dege offers no explanation for why she did not file the motion until over a year after she obtained new counsel. *See Iturribarria*, 321 F.3d at 897,

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

899 (requiring due diligence and concluding limitations period began when petitioner met with new counsel). Accordingly, the BIA did not abuse its discretion in denying as untimely Dege's motion to reopen. *See id.* at 894.

Because Dege's motion to reopen was untimely, we do not reach the merits of her ineffective assistance of counsel claim.

**PETITION FOR REVIEW DENIED.**